IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CALIFORNIA CITY DETENTION,<br><br>Respondent. | Civil No. 1:26-cv-08905-MWJS<br><br>ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 254-031-129 |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Miguel G.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner entered the country without inspection on an unknown date. Dkt. No. 8-1, at pg. 2. After Petitioner was arrested by local authorities, Immigration and Customs Enforcement (ICE) detained him on September 26, 2026. *Id.* ICE then issued Petitioner a notice to appear under 8 U.S.C. § 1229. *Id.* at pg. 3.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner invokes this court's habeas jurisdiction arguing that his detention violates the Fifth Amendment's Due Process Clause. Dkt. No. 1, at pgs. 6–7. He seeks immediate release. *Id.* at pg. 8.

Respondent filed a response arguing that Petitioner now has a final order of removal and is therefore subject to mandatory detention under 8 U.S.C. § 1231(a). Dkt. No. 8, at pg. 1. Respondent attached an October 28, 2026, removal order reflecting that both Petitioner and the government waived appeal. Dkt. No. 8-2.

Based on Respondent's filing, the court ordered Petitioner to show cause in writing why the petition should not be dismissed as moot. *See* Dkt. No. 9 (*citing Maling v. McAleenan,* No. 18-15013, 2019 WL 2897508, at *1 (9th Cir. Apr. 23, 2019); and *Daniel L. v. Warden, Cal. City Detention Ctr.*, No. 1:26-cv-05789-RLP, 2026 WL 3228438, at *2 (E.D. Cal. Oct. 28, 2026)). Petitioner did not respond as instructed.

Given that both Petitioner and the government waived appeal of the October 28, 2026, removal order, "the IJ's decision was instantly rendered 'administratively final,' and Petitioner thereby became subject to a final order of removal that same day." *V.R. v. U.S. Immigr. & Customs Enforcement*, No. 1:26-cv-04279-MWJS, 2026 WL 1965908, at *2 (E.D. Cal. July 7, 2026) (citing 8 C.F.R. § 1241.1(b)). As a result of that final order of removal, the government became obligated by law "to mandatorily detain Petitioner for 90 days following the entry of [that] final order of removal." *Id.* at *1 (citing 8 U.S.C. § 1231(a)).

Because a noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since his removal order became final, the petition must be dismissed. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 & n.3 (9th Cir. 2004); *see generally Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (explaining that a district court must dismiss a petition if, "after providing the petitioner with adequate notice and an opportunity to respond," it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" (cleaned up)); *see also Daniel L. v. Warden, California City Det. Ctr.*, No. 1:26-cv-05789-RLP, 2026 WL 3228438, at *2 (E.D. Cal. Oct. 28, 2026) ("A challenge to detention under § 1226 becomes moot when a final removal order shifts the petitioner's detention authority to § 1231 and the court can no longer grant the requested relief under § 1226."); *E.D. v. Warden*, No. 1:26-cv-02938, 2026 WL 1283427, at *2 (E.D. Cal. May 11, 2026) (denying the petition of a petitioner "detained for less than 30 days since his order of removal became final").

//

//

//

//

//

//

//

The court therefore DISMISSES the petition, Dkt. No. 1, without prejudice. Considering the foregoing, Petitioner's motion for appointment of counsel, Dkt. No. 3, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: November 17, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge